IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY LYNN VATER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-15-874-W |
| ) | |
| ATTORNEY GENERAL OF THE STATE ) | |
| OF NEBRASKA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus.[1] Pursuant to an order entered by United States District Judge Lee R. West, this matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Rule 4, Rules Governing Section 2254 Cases, requires the court to promptly examine petitions for writs of habeas corpus. The Amended Petition has been examined, and it is recommended that the Amended Petition be **DISMISSED** for lack of jurisdiction.

Petitioner is challenging his conviction in the Nebraska State District Court for Jefferson County, Nebraska. According to the Petitioner, he was convicted on August 4, 2005, on charges of attempted sexual assault of a minor. Amended Petition (ECF No. 6:1). Petitioner raises four grounds for relief: (1) ineffective assistance of counsel; (2) denial of right to present evidence and subpoena witnesses; (3) prosecutorial misconduct; and (4) judicial misconduct. (ECF No. 6:5-10).

---

[1] *See* Amended Petition for Writ of Habeas Corpus. (ECF No. 6).

Although Petitioner's address indicates he is currently incarcerated in the Lexington Assessment and Reception Center in Lexington, Oklahoma, that fact standing alone does not confer jurisdiction on this Court. Power to grant a writ of habeas corpus is conferred to United States District Courts by statute. "Writs of habeas corpus may be granted by … the district courts … within their respective jurisdictions." 28 U.S.C. § 2241(a). Jefferson County, Nebraska, is not included in the territorial confines of this Court. *See* 28 U.S.C. § 116(c).

Federal law provides that a civil action filed in a federal district court that lacks jurisdiction, "shall, if it is in the interest of justice," be transferred to a court in which jurisdiction would lie. 28 U.S.C. § 1631. In this case, however, the interest of justice would not be served by transferring this case to the United States District Court for the District of Nebraska. Petitioner's 2005 conviction would be barred by the one-year statute of limitations absent tolling or a claim of actual innocence. *See* 28 U.S.C. § 2244(d)(1)-(2). *See McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928, 1931-1933 (2013) (holding that a "credible showing of actual innocence" provides an outright equitable exception to AEDPA's statute of limitations).

But Petitioner states he did not appeal or collaterally attack the judgment and sentence, and the grounds for relief he raises do not state a claim of actual innocence. For these reasons, it is recommended the Amended Petition (ECF No. 6) be denied. It is further recommended that the Court refrain from transferring this case to a court with jurisdiction.

## RECOMMENDATION

Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 6) should be **DISMISSED** for lack of jurisdiction.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **December 7, 2015**. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFFERAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on November 17, 2015.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE